MWS/PAR: USAO#2020R616

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * CRIMINAL NO. 22-303 |
| | * |
| v. | * (Bank Fraud Conspiracy, 18 U.S.C. |
| | * § 1349; Bank Fraud, 18 U.S.C. § 1344; |
| RAISSA KAOSSELE, | * Aggravated Identity Theft, 18 U.S.C. § |
| DAMILOLA OJO, | * 1028A; Aiding and Abetting, 18 U.S.C. § |
| VICTOR OJO, and | * 2; Forfeiture) |
| JAMELIA THOMPSON, | * |
| | * |
| Defendants. | * |

## INDICTMENT

### COUNT ONE

### (Bank Fraud Conspiracy)

The Grand Jury for the District of Maryland charges that:

At all times relevant to this Indictment:

### Introduction

1. **RAISSA KAOSSELE ("KAOSSELE")** was born in 2000 in the Central African Republic, is a legal permanent resident of the United States ("U.S."), and was a resident of Baltimore, Maryland.

2. **DAMILOLA OJO** was born in 1992 in Nigeria, is a naturalized citizen of the U.S., and was a resident of Pikesville, Maryland.

3. **VICTOR OJO** was born in 1994 in Nigeria, is a legal permanent resident of the U.S., and was a resident of Edgewood, Maryland

4. **JAMELIA THOMPSON ("THOMPSON")** was born in 1993 in Jamaica, is a citizen of Jamaica, and was a resident of Pikesville, Maryland.

### The Identity Theft Victims

5. Individual victims, including, but not limited to the following, had their identities stolen, which were used to obtain business Employer Identification Numbers ("EINs") and/or initiate wire transfers without their knowledge: T.F., M.F., M.C., K.S., and S.R.

### The Business Victims

6. The Business Victims had their financial accounts compromised and unauthorized accounts opened at financial institutions as part of the scheme to defraud. The Business Victims include, but are not limited to: IPSOS Insight, Joyson Safety Systems, Simtronics Corporation, JTH Tax Inc, Eureka Hunter Ranson Inspection Service, The G W Van Keppel Company, and First 2 Market Products, LLC.

### The Bank Victims

7. The Bank Victims include, but are not limited to: Wells Fargo Bank, PNC Bank, Sun Trust Bank, TD Bank AIG Federal Savings Bank, Santander Bank, Deutsche Bank & Trust, National Union Bank of Kinderhook, and Atlantic Capital Bank. Each of the Bank Victims is a financial institution as that term is used in Title 18, United States Code, Section 1344 and defined in Title 18, United States Code, Section 20, and is either headquartered in and/or has locations within the United States.

### The Charge

8. Beginning at a time unknown but in approximately April 2016 and continuing until at least in or about May of 2019, in the District of Maryland, and elsewhere, the defendants,

**RAISSA KAOSSELE,**
**DAMILOLA OJO,**
**VICTOR OJO, and**
**JAMELIA THOMPSON,**

2

knowingly and willfully, conspired and agreed together and with others known and unknown to the Grand Jury to commit any offense under chapter 63 of Title 18, United States Code, namely: to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain and attempt to obtain monies, funds and credits of financial institutions, and under the custody and control of financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344.

### Background

9. Mod IEIN is the Internal Revenue Service (IRS) system that allows users to enter identity information in order to obtain an Employer Identification Number (EIN), which in turn allows individuals to register a business for a state business certificate. Mod IEIN requires users to enter the valid name and social security number (SSN) of a real living person in order to obtain an EIN for a business.

10. An Email Compromise is a scheme in which individuals compromise the email accounts of individual or business victims and send fraudulent payment instructions to financial institutions or business associates in order to misappropriate funds.

### Object of the Conspiracy and Scheme to Defraud

11. It was the object of the conspiracy and scheme to defraud to open bank accounts in the name of various individuals and/or businesses for the purpose of obtaining money and funds from financial institutions by fraud.

12. It was a further object of the conspiracy and scheme to defraud to fraudulently solicit wire transfers and/or deposit stolen checks into various bank accounts controlled by the defendants for the purpose of obtaining money and funds from financial institutions by fraud.

## Manner and Means of the Conspiracy and Scheme to Defraud

13. It was part of the conspiracy and scheme to defraud that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would use the names of Identity Theft Victims to obtain EINs and state business certificates in the name of various shell businesses.

14. It was further part of the conspiracy and scheme to defraud that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would compromise the email accounts of Business and Individual Victims.

15. It was further part of the conspiracy and scheme to defraud that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would use the compromised email accounts of Business and Individual Victims to fraudulently solicit payments to bank accounts they had opened and controlled.

16. It was further part of the conspiracy and scheme to defraud that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would obtain legitimate checks written on the accounts of payor Business Victims and made payable to payee Business Victims.

17. It was further part of the conspiracy and scheme to defraud that that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury would alter the name of the payee on some of the checks.

18. It was further part of the conspiracy and scheme to defraud that that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would deposit the checks, or cause the checks to be deposited, into the bank accounts they had opened and controlled.

19. It was further part of the conspiracy and scheme to defraud that that **KAOSSELE, DAMILOLA OJO, VICTOR OJO, THOMPSON,** and others known and unknown to the Grand Jury, would then withdraw or cause to be withdrawn the unlawfully deposited funds from the bank accounts they had opened and controlled.

18 U.S.C. § 1349

## COUNT TWO
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 9, 2018 and continuing through on or about December 3, 2018, in the District of Maryland, the defendant,

**RAISSA KAOSSELE,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material or fraudulent pretenses, representations and promises; to wit, by opening an account at Sun Trust Bank, into which a fraudulent $45,183.77 wire transfer and a fraudulent $24,119.16 wire transfer were deposited for the purpose of withdrawing monies therefrom.

18 U.S.C. §1344
18 U.S.C. § 2

## COUNT THREE
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 9, 2018 and continuing through on or about December 3, 2018, in the District of Maryland, the defendant,

**RAISSA KAOSSELE,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used, transferred, and possessed the means of identification of K.S. during and in relation to conspiracy to commit bank fraud, and bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344, as set forth in Counts One and Two of the Indictment.

18 U.S.C. §1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT FOUR
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about February 11, 2019 and continuing through on or about July 1, 2019, in the District of Maryland, the defendant,

**DAMILOLA OJO,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material or fraudulent pretenses, representations and promises; to wit, by opening an account at TD Bank into which two (2) fraudulent $15,000 checks were deposited for the purpose of withdrawing monies therefrom.

18 U.S.C. §1344
18 U.S.C. § 2

## COUNT FIVE
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 19, 2019 and continuing through on or about July 1, 2019, in the District of Maryland, the defendant,

**VICTOR OJO,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material or fraudulent pretenses, representations and promises; to wit, by opening an account at BB&T Bank in the name of AWIS Investments LLC, into which a fraudulent wire transfer in the amount of $54,700 was deposited for the purpose of withdrawing monies therefrom.

18 U.S.C. §1344
18 U.S.C. § 2

## COUNT SIX
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 19, 2019 and continuing through on or about July 1, 2019, in the District of Maryland, the defendant,

**VICTOR OJO,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used, transferred, and possessed the means of identification of M.F. during and in relation to conspiracy to commit bank fraud, and bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344, as set forth in Counts One and Five of the Indictment.

18 U.S.C. §1028A(a)(1), (c)(5)
18 U.S.C. § 2

## COUNT SEVEN
### (Bank Fraud)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 24, 2019 and continuing through on or about May 1, 2019, in the District of Maryland, the defendant,

**JAMELIA THOMPSON,**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution, and to obtain monies, funds and other property owned by or under the custody and control of a financial institution by means of material or fraudulent pretenses, representations and promises; to wit, by opening an account at Suntrust Bank in the name of TRIC Investments LLC, into which a fraudulent $54,068.57 wire transfer was deposited for the purpose of withdrawing monies therefrom.

18 U.S.C. §1344
18 U.S.C. § 2

## COUNT EIGHT
### (Aggravated Identity Theft)

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 7 and 9 through 19 of Count One of the Indictment are incorporated here.

2. Beginning on or about April 24, 2019 and continuing through on or about May 1, 2019, in the District of Maryland, the defendant,

**JAMELIA THOMPSON,**

did, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), knowingly transfer, possess and use, without lawful authority, a means of identification of another person, to wit: the defendant used, transferred, and possessed the means of identification of T.F. during and in relation to conspiracy to commit bank fraud, and bank fraud, in violation of 18 U.S.C. §§ 1349 and 1344, as set forth in Counts One and Seven of the Indictment.

18 U.S.C. §1028A(a)(1), (c)(5)
18 U.S.C. § 2

.

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as a part of any sentence, in accordance with 18 U.S.C. § 982, 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c) in the event of any defendant's conviction on any of the fraud offenses charged in this Indictment.

2. Upon conviction of any of the offenses charged in Counts One, Two, Four, Five, or Seven of this Indictment, the defendant(s),

**RAISSA KAOSSELE,
DAMILOLA OJO,
VICTOR OJO, and
JAMELIA THOMPSON,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the scheme to defraud.

3. The property to be forfeited includes, but is not limited to, a money judgment in the amount of proceeds each convicted defendant obtained as the result of the offense(s) of conviction.

### Substitute Assets

4. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property of the defendant pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

18 U.S.C. § 982
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

*Erek L. Barron / MnS*
Erek L. Barron
UNITED STATES ATTORNEY

A TRUE BILL:

8/30/2022
Date

**SIGNATURE REDACTED**

Foreperson

14